**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| GILDARDO MAGANA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3409-CV-S-RED |
| ROBERT McFADDEN, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, has filed a petition for writ of habeas corpus with this Court, in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's claim is without merit, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner contends that respondents have impermissibly applied 18 U.S.C. § 3624(b) to calculate his good conduct time. It is his contention that good conduct time under § 3624(b) should be computed by multiplying his total sentence of 120 months times the maximum amount of good conduct time for each year plus the percentage available for the last nine months. It is his position that the BOP has erred in calculating his good conduct time based on the sentence served rather than the sentence imposed, and that the phrase "term of imprisonment" should be interpreted to mean "sentence imposed." He asserts that respondents have misinterpreted the statute in using "time served" as the basis for calculating good time credit. Petitioner relies on White v. Scibana, 314 F. Supp.2d 834, 837 (W.D.Wis. 2004) ("White I"), to support his position.

The Court has reviewed the Seventh Circuit's decision reversing White I. White v. Scibana, 390 F.3d 997 (2004) (White II). In that case, the appellate court held that the BOP's interpretation of the statute which awards credit for each year served in prison rather than each year of the sentence imposed was reasonable and entitled to deference. Id, at 1003; accord Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001). Recently, the Third and Fourth Circuits agreed with this analysis. O'Donald v. Johns, 402 F.3d 172, 173 (3rd Cir. 2005); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005). Consequently, petitioner's reliance on White I is no longer appropriate.

While a few district court cases have supported petitioner's position, nearly every district court and all the Circuit Courts to have addressed the issue have accepted the BOP's interpretation of the statute. They have concluded that § 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed. The Courts have agreed that the BOP's interpretation to allow good time credit on the basis of time served is reasonable and entitled to deference. Most importantly, the Eighth Circuit, in two unpublished opinions, has reached the same conclusion to defer to the BOP's interpretation of calculating good conduct credit on the basis of time served. James v. Outlaw 126 Fed.Appx. 758, 759, 2005 WL 677769 (8th Cir. 2005); United States v. Wittman, 2005 WL 1663134 (8th Cir. July 18, 2005).[1]

Based on the holdings of the Third, Fourth, Seventh, and Ninth Circuit Courts of Appeal, as well as the clear indication from the Eighth Circuit following those precedents, the Court finds

---

[1] An unpublished opinion of this court may be cited if the opinion has persuasive value on a material issue and no published opinion of this or another court would serve as well. 8th Cir. Rule 28A.

that petitioner's contention is without merit. Accordingly, it must be recommended that the petition for habeas corpus relief be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the petition herein for habeas corpus relief be dismissed without prejudice.

       /s/ James C. England
       JAMES C. ENGLAND
       United States Magistrate

Date: 8/22/05